*1026 OPINION.
Graupner:
The taxpayer asserts that it is entitled to personal-service classification and contends that it comes within the definition of a “ personal service corporation ” contained in section 200 of the Eevenue Act of 1918. This definition provides that such a corporation is one “ whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor * *
The evidence shows that Charles E. Gow, the owner and holder of 80 per cent of the capital stock, organized the taxpayer corporation in anticipation of leaving the business and entering the Army and to relieve him from personal liability for losses which might be sustained during his absence. It may not be said that he devoted his entire time and attention to the affairs of the taxpayer, though he did, to some degree, regularly engage in the active conduct of the affairs of the corporation. However, it is apparent that capital was a necessary and material income-producing factor. Therefore the taxpayer is not entitled to personal service classification.